UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHAWNTELLE HEATH,**
  **Plaintiff,**

              **Case No. 2:22-cv-1186**
              **Judge Edmund A. Sargus, Jr.**
v.              **Magistrate Judge Kimberly A. Jolson**

**WARDEN TERI BALDAUF,** *et al.***,**
  **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection (ECF No. 11) to the Magistrate Judge's Report and Recommendation (ECF No. 7), which is hereby **OVERRULED**. The Report and Recommendation is **ADOPTED** in full. (ECF No. 7.) This case remains open.

### I.

Plaintiff, a former inmate at the Ohio Reformatory for Women (ORF),[1] brings this *pro se* action under 42 U.S.C. § 1983 against ORF Warden Teri Baldauf and Lt. Kramer. The Court liberally construed Plaintiff's complaint as also bringing claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (ADA), and/or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (Rehabilitation Act). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

### II.

If a party objects within the allotted time to a Report and Recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed

---

[1] The Ohio Department of Rehabilitation and Correction (ODRC) website indicates that Plaintiff is currently on judicial release. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/W106391 (last viewed on May 16, 2022).

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The Court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Further, the Court holds pleadings by a *pro se* litigant "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and may not uphold the dismissal of such a pleading "simply because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A *pro se* litigant's pleadings must be, and in this instance are, construed liberally. *Haines*, 404 U.S. at 520–21.

### III.

In the Report and Recommendation, the Magistrate Judge recommended:

> Plaintiff may proceed at this juncture against Defendant Baldauf with Counts III through VI, and Counts VIII through X, for alleged failure to provide reasonable accommodations in violation of the ADA and the Rehabilitation Act, and with Count XII, for alleged retaliation in violation of the ADA and/or the First Amendment. Plaintiff's ADA and/or Rehabilitation Act claims may proceed at this juncture against Defendant Baldauf in an official capacity and only for compensatory damages. Plaintiff's First Amendment retaliation claim may proceed at this juncture against Defendant Baldauf in an individual capacity for monetary

> damages. However, for the above-stated reasons, Plaintiff's remaining claims should be dismissed. See 28 U.S.C. § 1915(e)(2)(B).

(R&R at 18.)

Plaintiff has objected only to the dismissal of claim titled Count XVII for deliberate indifference to her medical needs. As to that claim, the Magistrate Judge held:

> Plaintiff fails to set forth factual allegations showing that either of the two named Defendants—Warden Baldauf and Lt. Kramer—were personally involved in the alleged constitutional violation. "It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Williams v. Hodge*, No. 3:08-0387, 2009 WL 47141, at *3 (M.D. Tenn. Jan. 7, 2009) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)). Specifically, a plaintiff "must show that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct." *Hodge*, 2009 WL 47141, at *3 (citations omitted).

(R&R at 16.)

In her objection, Plaintiff argues that the Warden should have been aware of her treatment, or lack thereof, because of the numerous requests she made as well as the Warden's awareness of her medical needs. This, as the Magistrate Judge correctly found, is insufficient to state a claim for personal involvement, authorization, approval or knowing acquiescence.

## IV.

Having conducted a *de novo* review, the Court finds Plaintiff's Objection to the Report and Recommendation unpersuasive and **OVERRULES** the Objection. (ECF No. 11.) The Court **ADOPTS** in full the Report and Recommendation. (ECF No. 7.) This case remains open.

**IT IS SO ORDERED.**

**11/18/2022**          s/Edmund A. Sargus, Jr.
**DATE**                EDMUND A. SARGUS, JR.
                        **UNITED STATES DISTRICT JUDGE**