**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SHAWNTELLE HEATH,**

        **Plaintiff,**

                                     **Civil Action 2:22-cv-1186**

    **v.**                          **Judge Edmund A. Sargus, Jr.**

                                     **Magistrate Judge Kimberly A. Jolson**

**WARDEN TERI BALDAUF, et al.,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 24). For the following reasons, the Undersigned **RECOMMENDS** that the Motion be **GRANTED** and the case be **DISMISSED without prejudice**.

**I.**     **BACKGROUND**

        Plaintiff, a former inmate at the Ohio Reformatory for Women ("ORF") and a paraplegic/amputee above the knee, initiated this action under 42 U.S.C. § 1983 against Defendants ORF Warden Teri Baldauf and Lt. Kramer. (Doc. 1 at 6–7). On an initial screening, the Court liberally construed Plaintiff's complaint as also bringing claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and/or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("Rehabilitation Act"). (*See* Doc. 7). And the Court found that Plaintiff should be able to proceed only on the following claims against Defendant Baldauf, in her official capacity for alleged violations of the ADA and Rehabilitation Act, and in her individual capacity for alleged retaliation in violation of the First Amendment:

        **Count III:** Due to the building not being accessible, Plaintiff was only allotted one day a week for the class when the regular class was allotted five days

a week.  Plaintiff was given a "special discharge."

     **Count IV:** When on another occasion Plaintiff was asked to model for a student in cosmetology, she had to be carried up to the third floor and back down.

     **Count V:** Plaintiff put in a cash slip to get her hair done in July but "it was never answered because of [her] disability."

     **Count VI:** When Plaintiff ordered a "box" from the "vault," she had to ask another inmate to get it for her because the basement was not accessible.  As a result, if there was anything wrong with the box, Plaintiff could not return it.

     . . .

     **Count VIII:** Plaintiff asked for a new shower chair for over six months but did not receive one.  The shower chair she used collapsed several times, resulting in injury and other inmates having to pick her up.

     **Count IX:** Plaintiff did not have proper fitting Depends underwear for approximately eleven months and developed an open wound on her inner thigh.

     **Count X:** When Plaintiff's personal wheelchair broke, the loaner chair she received was hard to use and did not come with a cushion, so Plaintiff had to borrow one from another inmate.

     . . .

     **Count XII:** In December 2021, Plaintiff was housed in the infirmary against her will for eight days "because [she had] made too many complaints and it got to central office."  This count alleges that Warden Baldauf in an individual capacity retaliated against Plaintiff when she exercised her First Amendment Rights and in violation of the ADA.

(Doc. 7 at 9–10) (citations omitted); (*see* Doc. 18) (adopting recommendation that Plaintiff be allowed to proceed on these counts only).

Now, Defendant brings the instant Motion for Summary Judgment, saying this case should be dismissed because Plaintiff has failed to exhaust her administrative remedies regarding her claims, as required under the Prison Litigation Reform Act ("PLRA").  Plaintiff has not opposed the Motion, and the deadline for doing so has passed.  Consequently, the Motion is ripe for consideration.

## II.    STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, (1986)).

## III. DISCUSSION

Defendant says she is entitled to summary judgment because Plaintiff failed to exhaust administrative remedies for any of the claims brought in this litigation. (Doc. 24 at 10–18).

"Exhaustion of administrative remedies 'is mandatory under the [PLRA] and . . . unexhausted claims cannot be brought in court.'" *Murray v. Ohio Dep't of Corr.*, No. 1:14-CV-168, 2019 WL 485214, at *13 (S.D. Ohio Feb. 7, 2019) (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)). Relevant here, the "'PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Murray*, 2019 WL 485214, at *13 (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

The Ohio inmate grievance procedure involves three consecutive steps. First, "the inmate shall file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." Ohio Admin. Code § 5120-9-31(J)(1). Second, "[i]f the inmate is dissatisfied with the informal complaint response, or the informal complaint process has been waived, the inmate may file a notification of a grievance with the inspector of institutional services." Ohio Admin. Code § 5120-9-31(J)(2). Third, "[i]f the inmate is dissatisfied with the disposition of grievance, the inmate may file an appeal with the office of the chief inspector." Ohio Admin. Code § 5120-9-31(J)(3).

Further, "[f]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be proved by the defendant." *Anderson v. Shelby Cty. Gov't*, No. 03-2650-P, 2009 WL 3241676, at *5 (W.D. Tenn. Sept. 30, 2009) (citing *Jones v. Bock*, 549 U.S. 199, 212 (2007)). "Once Defendant[ ] puts forth evidence of [his] affirmative defense of failure to exhaust administrative remedies, Plaintiff [is] required to present 'significant probative evidence' to defeat the motion for summary judgment." *Pullen v. Combs*, No. 1:17CV255, 2020 WL 1451564, at *1 (S.D. Ohio Mar. 25, 2020) (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)).

The Undersigned finds that, because Defendant has adduced evidence that Plaintiff fully appealed only two grievances unrelated to the claims underlying this action, she has carried her burden to demonstrate the affirmative defense of failure to exhaust. Plaintiff did not respond to the Motion, and even construing all evidence in her favor, lacks significant probative evidence to defeat Defendant's argument.

Plaintiff failed to escalate grievances relevant to the claims at issue here to the final step of the grievance process. The evidence submitted by Defendant demonstrates that during Plaintiff's incarceration, she filed twenty-one informal complaints, initiating the grievance process. (Doc. 24-1 at 2–3). And, she escalated each informal complaint to the second step, by filing a notification of grievance. *Id.* But, when those notifications of grievance were denied, she filed an appeal to the Office of the Chief Inspector on only two of her twenty-one grievances, which is the third and final step of the Ohio inmate grievance procedure. (Doc. 24-1 at 3). Those two grievances, Ref#ORW0921003363 and Ref#ORW1021007214, are unrelated to the claims before the Court.

The first fully escalated grievance, Ref#ORW0921003363, regarded alleged inappropriate supervision by Captain Kramer and is unrelated to the underlying cause of action

here.  On September 12, 2021, Plaintiff wrote:

> Im kiting in reference to a incident that occured friday with captain Kramer. I was
> waiting on [an] inmate [ ] to come down an carry me to class because the building
> is not handicap accessible. While waiting captain Kramer approached and asked
> what was I doing and give her my Id. I attempted to tell her that I was in school and
> she cursed me out and basically told me I was lying. She locked me up put me in
> the hole for 3 hours to which I missed class and could be possibly be kicked out. I
> dont know the consequences because I was not at fault.  captain Kramer believed I
> was lying because it was steps and I have no legs bascially profiling me and
> discriminating against me.  This is a issue that needs to be handled I should not be
> mistreated when I have made arrangments to get in and out the building. I was
> passed to school I am in orientation which she didnt care or give me a chance to
> explain.

(Doc. 24-2 at 19).  This grievance does not discuss or involve Defendant.  Though it nominally

discusses the accessibility of a building, at its heart it is about unfair disciplinary treatment by

Captain Kramer.   And, significantly, Plaintiff has not suggested or attempted to prove that

Defendant had reason to know this alleged incident occurred.  In sum, there is no relation between

this grievance and the current claims in front of the court.

Similarly, the second fully escalated grievance, Ref#ORW1021007214, is irrelevant to the

claims here.  On October 26, 2021, Plaintiff wrote:

> I was in to see Dr.Ajabade for the holes in my stomach because my body is rejecting mesh.
> Dr.Ajabade went to swab the holes for infection and used the same swab on both holes.
> When I told her I think she should use two seperate swabs she stated you think so.  She
> grabbed a ascecond swab and only swabbed one and sent the one where she swabbed both
> of them on the same swab in. If one site didnt have infection and she used the swab on
> both site she could of speaded it and, also you wouldnt be able to tell which site is infected
> because she used the swab on both sites.  She did not clean the areas at all, I feel that that
> is unsanitary and unprofessional and setting me up for other infections, any help in this
> matter would be appreciated.

(Doc. 24-2 at 30).   Again, Defendant is not mentioned in this grievance, and none of the

remaining claims against Defendant concern medical treatment.

Of Plaintiff's surviving claims, none was fully grieved to the Office of the Chief

Inspector as required by Ohio Adm. Code 5120-9-3(L).  (*See* Doc. 24-2) (Plaintiff's grievance

records from ORW). The Institutional Inspector at ORW, a records custodian for inmate grievances, has affirmed by declaration that the grievance records before the Court represent Plaintiff's "entire grievance file . . . ." (Doc. 24-1, ¶ 6). Defendant has thus carried her burden to demonstrate that Plaintiff failed to exhaust the administrative remedies available to her before bringing her claims to federal court. Crucially, Plaintiff has not attempted to rebut Defendant's evidence or defense. No other evidence presently before the Court undermines the evidence adduced by Defendant.

Accordingly, the Undersigned finds that the PLRA bars Plaintiff's case. Because the Undersigned is recommending dismissal for failure to exhaust—and not the merits of Plaintiff's claims—the case should be dismissed without prejudice. *See, e.g.*, *Walker v. Warren*, No. 1:20-cv-302, 2020 U.S. Dist. LEXIS 204778 at *6 (S.D. Ohio Nov. 2, 2020) (recommending case be dismissed without prejudice for failure to exhaust), *report and recommendation adopted by* 2020 U.S. Dist. LEXIS 176952 (S.D. Ohio Sep. 28, 2022).

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Motion be **GRANTED** and the case be **DISMISSED without prejudice**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: October 2, 2023                              /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE