UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWNTELLE HEATH,

    Plaintiff,

v.

WARDEN TERI BALDAUF, *et al.*,

    Defendants.

Case No. 2:22-cv-1186
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## ORDER

On October 2, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court grant Defendant Warden Teri Baldauf's Motion for Summary Judgment (ECF No. 24) and dismiss the case without prejudice. (ECF No. 27.) The Magistrate Judge explained that Ms. Heath failed to exhaust her administrative remedies and as a result, her case was barred by the Prison Litigation Reform Act ("PLRA"). (ECF No. 27, PageID 211.) Ms. Heath objects to the R&R, and although her Objection is untimely by a few days, the Court considers the merits of her Objection. (ECF No. 28.)

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Many of Ms. Heath's objections address the merits of her underlying claims but do not address her failure to exhaust her administrative remedies as required by the PLRA. For example, Ms. Heath emphasizes that the R&R ignores that she was denied "the opportunity to participate in prison programs . . . because of her disability." (ECF No. 28, PageID 213.) But the

1

R&R recommends dismissal of Ms. Heath's claims solely because of her failure to exhaust. (ECF No. 27, PageID 211.)

Next, Ms. Heath argues that the Court should excuse her failure to exhaust her administrative remedies because Warden Baldauf interfered with and made the grievance process "totally unavailable" to her by placing roadblocks at the second stage of the Ohio inmate grievance procedure. (*Id.* PageID 213, 215.) Ms. Heath's objection is not supported by the record, however. As the Magistrate Judge explained, Ms. Heath filed twenty-one notifications of grievance, which were denied at the second stage of the grievance process. (ECF No. 27, PageID 209.) She appealed only two of her grievances, which were unrelated to her claims before this Court. (*Id.*) Ms. Heath offers no evidence to support her assertion that Warden Baldauf interfered with the grievance process and prevented her from appealing nineteen of her twenty-one grievances. (*Id.*) Ms. Heath asserts that Warden Baldauf was the Institutional Inspector responsible for overseeing the second stage of the grievance process (ECF No. 28, PageID 213–14) but the record reflects that Korrine Morrow was the Institutional Inspector, not Warden Baldauf (Morrow Decl., ECF No. 24-1, PageID 154–56). Ms. Heath does not offer any evidence to support her claim that the Institutional Inspector failed to provide a written response at the second stage of the grievance process. (*See* ECF No. 28, PageID 214.) Further, the fact that Ms. Heath successfully appealed two of her grievances demonstrates that she was capable of escalating her grievances to the final step of the grievance process. (*Id.*)

Accordingly, the Court accepts the Magistrate Judge's conclusions and reasoning. Ms. Heath's Objection (ECF No. 28) is **OVERRULED** and the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 27). The Court **GRANTS** Warden Baldauf's Motion for

Summary Judgment (ECF No. 24) and **DISMISSES** this case **without prejudice.** The Clerk is **DIRECTED** to **ENTER JUDGMENT** and close the case.

    **IT IS SO ORDERED.**

**1/4/2024**                        **s/Edmund A. Sargus, Jr.**
**DATE**                        **EDMUND A. SARGUS, JR.**
                                      **UNITED STATES DISTRICT JUDGE**